UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID ROBLING** ) | CIVIL ACTION NO. |
| ) | |
| **VERSUS** ) | SECTION : |
| ) | |
| **ENTERPRISE MARINE SERVICES, LLC** ) | MAGISTRATE: |
| ) | |

### COMPLAINT

The complaint of David Robling, a person of the full age of majority and resident of the Parish of Terrebonne, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendant herein is:

(A)   Enterprise Marine Services, LLC, a limited liability entity organized according to the laws of the State of Delaware, but at all times pertinent hereto, was authorized to do, and was doing business in, the State of Louisiana.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333(1), and is being brought pursuant to the provisions of 46 U.S.C. § 30104 (the "Jones Act"), the provisions of the general maritime law, the provisions of Rule 9(h) of the Federal Rules of Civil Procedure, and 28 U.S.C. §1916. Specifically, plaintiff is entitled to avail himself of the provisions of 28 U.S.C. Section 1916, allowing him to proceed without the necessity of prepayment of costs, fees or the posting of security, and Rule 9(h) of the Federal Rules of Civil Procedure.

3.

Alternatively, the jurisdiction of this Honorable Court is also proper pursuant to 28 U.S.C. § 1332 on the basis of diversity of citizenship, and the provisions of the Louisiana Civil Code § 2315 *et seq.*

4.

The defendant, Enterprise Marine Services, LLC is justly and truly indebted unto your plaintiff, David Robling, for the following reasons, to-wit:

5.

At all material times, plaintiff David Robling was employed by Enterprise Marine Services, LLC as a deckhand, and a Jones Act seaman.

6.

Plaintiff was permanently assigned by defendant, Enterprise Marine Services, LLC to work aboard the *M/V Diane Cenac,* a vessel that was owned and/or operated and/or chartered and/or controlled by Enterprise Marine Services, LLC at all material times herein.

7.

On or about, March 25, 2010, while performing his duties as deckhand aboard the *M/V Diane Cenac*, plaintiff, Mr. Robling, was assisting in unloading garbage and refuse from the *M/V Diane Cenac*, while docked at or near Pascagoula, Mississippi; when he injured his back, neck and shoulder while pitching sealed garbage bags from the bow of the vessel onto a dock. Defendant, Enterprise Marine Services, LLC did not take proper safety precautions in providing adequate equipment to allow the safe removal of garbage, waste and refuse from the *M/V Diane Cenac*, and/or failing to warn other crewmen of the *M/V Diane Cenac*, of bags and/or packages that were excessively heavy in weight, and/or awkward dimensions and/or contained petroleum waste products; all as a result of the negligence of defendant, Enterprise Marine Services, LLC,

its agents, employees and/or assigns; and/or the master and/or crewmembers of the *M/V Diane Cenac*. Additionally and /or alternatively plaintiff asserts that the above described acts and/or conditions caused the vessel *M/V Diane Cenac*, to be unseaworthy.

8.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of defendant, Enterprise Marine Services, LLC

9.

The casualties occurred as a direct and proximate result of the negligence of defendant, Enterprise Marine Services, LLC and/or the negligence of the master of the *M/V Diane Cenac* in failing to provide an adequate crew, in failing to provide adequate equipment aboard the vessel, ordering the crew to work using unsafe conditions, as well as other acts of negligence which will also be proven at trial.  These acts of negligence render defendant, Enterprise Marine Services, LLC liable to plaintiff pursuant to the Jones Act, 46 U.S.C. §30104, and also pursuant to the general maritime law for negligence.

10.

Plaintiff's accidents were caused by defendant's violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

11.

Plaintiff further demands that defendant, Enterprise Marine Services, LLC provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by plaintiff's treating physician.  Plaintiff demands that maintenance be instituted in the amount of $80.00 per day from the date of his injury.

12.

Defendant's refusal to provide plaintiff with maintenance and cure is willful, wanton, arbitrary and capricious.  Plaintiff has been required to file this lawsuit in an attempt to procure maintenance and cure benefits.  Consequently, plaintiff is entitled to recover attorney's fees, litigation costs, and court costs with respect to this arbitrary and capricious refusal to provide maintenance and cure.  Additionally, plaintiff is entitled to recover enhanced compensatory damages with respect to this arbitrary and capricious refusal to provide maintenance and cure.

13.

The above-described incidents were caused solely by the negligence of defendant, Enterprise Marine Services, LLC through their agents, servants and employees, which are more particularly described as follows:

Negligence Of Enterprise Marine Services, LLC

   a. Failing to provide a competent crew.

   b. Failing to properly supervise its employees.

   c. Failing to properly train and/or supervise plaintiff and other employees.

   d. Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions; and in failing to warn plaintiff about same;.

   e. Failing to adequately equip plaintiff with proper equipment required to perform certain operations.

   f. Other acts of negligence which will be shown more fully at trial.

14.

In the further alternative, plaintiff, David Robling, reiterating and realleging each and every allegation set forth above, as though set forth herein in extenso, avers the applicability of the doctrine of Res Ipsa Loquitur.

15.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, David Robling, sustained the following damages:

    a. Past, present and future physical pain and suffering;

    b. Past, present and future mental pain, suffering and anguish;

    c. Past, present and future medical expenses;

    d. Past lost wages;

    e. Past lost found;

    f. Loss of future earning capacity;

    g. Loss of future found;

    h. Loss of fringe benefits;

    i. Disfigurement and disability;

    j. Loss of enjoyment of life; and,

    k. Other damages which shall be proven at trial.

16.

Plaintiff is entitled to prejudgment interest on his damages from the dates of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

17.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, David Robling, prays that the defendant, Enterprise Marine Services, LLC be duly cited and served with a copy of the Complaint and that after due

proceedings are had there be judgment rendered herein in favor of plaintiff and against defendant, Enterprise Marine Services, LLC in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

                **RESPECTFULLY SUBMITTED BY:**

                */s/Ronna M. Steele*
                **RONNA M. STEELE (#20006)**
                301 Huey P. Long Avenue
                Gretna, LA  70053
                Telephone:  (504) 366-3475
                Attorney for David Robling
                Email: *rsteele@usagulf.com*

PLEASE SERVE:

Enterprise Marine Services, LLC
Through its authorized agent for service of process
C T Corporation System
5615 Corporate Blvd.
Ste. 400-B
Baton Rouge, LA 70808