UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID ROBLING | CIVIL ACTION |
| VERSUS | NO. 11-2047 |
| ENTERPRISE MARINE SERVICES, LLC | SECTION "N" (2) |

### ORDER AND REASONS ON MOTION

This is a marine personal injury case in which plaintiff, David Robling, seeks damages under the Jones Act and general maritime law. The original complaint did not contain a jury demand and designated the case to proceed under Rule 9(h). Record Doc. No. 1 at ¶ 2. Plaintiff filed a Motion for Leave to File First Supplemental and Amending Complaint in which he seeks to add a demand for jury trial. Record Doc. No. 13. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed and served no later than eight days before the noticed submission date. No memorandum in opposition to Plaintiff's Motion for Leave to File First Supplemental and Amending Complaint, Record Doc. No. 13, submitted for decision on January 11, 2012 without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit, **IT IS ORDERED** that the motion is GRANTED for the following reasons.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to

amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

Plaintiff's motion is governed additionally by Fed. R. Civ. P. 38, which provides that a demand for jury trial must be asserted no later than 14 days after the last pleading directed to any issue triable by jury is served, and that failure to do so constitutes a waiver by the party of trial by jury. Fed. R. Civ. P. 38(b)(1), (d). However, Rule 39(b) states:

> Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded.

(emphasis added).

As to the request to add a jury demand in Robling's case, I apply and follow the guidance provided by Judge Vance in White v. Pride Offshore, Inc., No. 98-2561, 1999 WL 58842, at *1-2 (E.D. La. Feb. 3, 1999), a case directly on point, in which she affirmed my ruling allowing a Jones Act seaman to amend his complaint to add a jury several months before trial.  In White, Judge Vance recognized "that 'a court should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" Id. at *1 (quoting Swofford v. B & W, Inc., 336 F.2d 406, 409 (5th Cir. 1964)) (citing Farias v. Bexar County, 925 F.2d 866, 873 (5th Cir. 1991); Daniel Int'l Corp. v.. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990)).  "A motion for trial by jury under [Rule 39(b)] should be favorably received unless there are persuasive reasons to deny it." Daniel Int'l Corp., 916 F.2d at 1064 (quotation omitted).

This is so because the Seventh Amendment confers a fundamental civil right. Id. "[W]e must be mindful that maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care. . . . Thus, courts should indulge every reasonable presumption against waiver." McDonald v. J. Steward, 132 F.3d 225, 229 (5th Cir. 1998) (internal quotations omitted).

In Daniel Int'l Corp., the Fifth Circuit identified five factors that district courts should consider in the exercise of discretion under Rule 39(b):

>   (1) whether the case involves issues which are best tried to a jury;
>   (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>   (3) the degree of prejudice to the adverse party;
>   (4) the length of the delay in having requested a jury trial; and
>   (5) the reason for the movant's tardiness in requesting a jury trial.

Daniel Int'l Corp., 916 F.2d at 1064 (citation omitted).

Weighing the five Daniel factors and considering the liberal policy of Rule 15 and its factors, I find that the motion should be granted. The amendment has been timely submitted before the amendments deadline set by the court. Record Doc. No. 11. Therefore, there has been no undue delay or dilatory motive. This is the first amendment so that there has been no prior repeated failure to cure pleading deficiencies.

I discern no prejudice to the non-moving party if the motion to amend is granted. Defendant has ample time to make any changes to its trial presentation (however slight) before the scheduled September 24, 2012 trial date.

The amendment is in no way futile. Under the Jones Act, plaintiffs are entitled to have claims tried before a jury pursuant to the Act's decree. Rachal v. Ingram Corp., 795 F.2d 1210, 1213 (5th Cir. 1986). The choice of demanding a jury trial rests only with the plaintiff in a case like this one. "It is beyond peradventure, that the Jones Act gives only the plaintiff the right to choose a jury trial . . . ." Adams v. Falcon Drilling Co., No. 97-1143, 1998 WL 195981, at *2 (E.D. La. Apr. 20, 1998) (Duval, J.) (citing Rachal v. Ingram Corp., 795 F.2d 1210 (5th Cir. 1986)). Thus, designation of the case as one for

trial with or without a jury is important to the plaintiff, who has that right, but not to defendant, which does not have that right in this case.

Applying the Daniel factors in the instant case also compels the conclusion that plaintiff's jury demand should be permitted. The claims involved in this Jones Act/general maritime law personal injury case are ordinarily and routinely determined by juries in this court. The trial date is not until September 24, 2012, so that permitting the amendment should neither disrupt the court's schedule nor prejudice any other party in its trial preparation. Finally, "[a]lthough plaintiff has not explained his untimeliness . . . the Court finds it proper to exercise its discretion and to grant plaintiff a jury trial," particularly considering the important right of a Jones Act seaman to choose whether to proceed before a judge or a jury. Dowlearn v. Baker Oil Tools, Inc., No. 97-2787, 1997 WL 795702, at *1 (E.D. La. Dec. 29, 1997) (Vance, J.); see also White, 1999 WL 58842, at *2 (grant of leave to file amended complaint was "within [magistrate judge's] judicial discretion.").

For all the foregoing reasons, plaintiff's motion is GRANTED. The Clerk is directed to note plaintiff's jury demand on the docket sheet pursuant to Fed. R. Civ. P. 39(a).

New Orleans, Louisiana, this   11th   day of January, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

5